**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Layla Letizia,<br><br>Plaintiff,<br><br>v.<br><br>Roger Moore, First Transit, Inc., and City of Rochester, Minnesota,<br><br>Defendants. | No. 0:26-cv-03442 (KMM/SGE)<br><br>**ORDER** |

---

Plaintiff Layla Letizia filed this case on July 29, 2026 (Dkt. 1), and she amended her complaint on August 19, 2026 (Dkt. 8). Among other claims, she asserts that Defendant First Transit, Inc. is vicariously liable for the actions of its employee, Defendant Roger Moore. (Dkt. 8 ¶¶ 89–96, 102–08.) According to an Affidavit of Service, a process server delivered a copy of the Summons and the Amended Complaint to First Transit's registered agent for service of process on August 20, 2026. (Dkt. 17.) When First Transit did not answer or otherwise respond to the Amended Complaint within 21 days after service, the Clerk of Court entered First Transit's default. (Dkt. 26.) Ms. Letizia has now moved for entry of default judgment against First Transit. (Dkt. 27.) That motion is set for a hearing before the undersigned District Judge on November 9, 2026. (Dkt. 31.)

That hearing may be an unwise use of the Court's and the parties' time. According to the parties' Rule 26(f) Report, First Transit was acquired by TransDev North America

("TransDev NA").[1] (Dkt. 34 at 2.) As stated in the 26(f) Report, counsel for the City of Rochester's "contact at TransDev North America advises that it was not aware of the lawsuit. Yesterday, TransDev requested more information from counsel for the City of Rochester in order to pass onto its third-party administrator Gallagher Bassett." (*Id.*)

Based on the Court's review of the record, it has concerns that the proper Defendant may not have received effective service of process. If a defendant has not been properly served, the Court cannot enter a default judgment against the defendant because it lacks personal jurisdiction over the allegedly defaulting party. *Burns v. Office of Attorney Gen.*, No. 08-cv-858 (PJS/RLE), 2007 WL 2247600, at *5 (D. Minn. Aug. 2, 2007) ("To enter a default judgment, a court must have jurisdiction over the defaulting party, and the defendant must have been made party to the action by proper service of process.") (quoting *United States v. Woods*, No. 02-cv-1411 (JNE/JGL), 2004 WL 790332, at *3 (D. Minn. Mar. 31, 2004); *see also Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 171 (D.D.C. 2019) (explaining that a court must "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant") (internal quotation marks omitted). If Ms. Letizia served First Transit, but First Transit ceased to exist because had already been acquired by TransDev NA, it is entirely possible that the Court has not acquired personal jurisdiction over the correct defendant. That would mean that any order granting a motion for default judgment would be null and void.

---

[1] This is consistent with information available on the TransDev NA website. TransDev, Newsroom (Mar. 7, 2023), https://transdevna.com/news/2023/03/07/transdev-completes-acquisition-of-first-transit-to-become-leading-private-operator-of-transportation-in-the-u-s/ (last accessed October 16, 2026).

The capacity of a corporation to sue or be sued is determined by the law under which that corporation was organized. Fed. R. Civ. P. 17(b). Ms. Letizia alleges that First Transit is a Delaware corporation. (Dkt. 8 ¶ 7.) Under Delaware law, "it is settled that the separate corporate existence of a constituent corporation ceases upon merger and the emerging corporation is the only corporation with capacity to be sued[.]" *Daniels v. Crotty*, No. 25-20137-CIV-GAYLES/TORRES, 2025 WL 3679645, at *5 (S.D. Fla. Nov. 17, 2025) (quoting *Sevitts v. McKiernan-Terry Corp.*, 264 F. Supp. 810, 811 (S.D.N.Y. 1966)); *see also A.F. ex rel. Fogel v. Sorin Gr. USA, Inc.*, 346 F. Supp. 3d 534, 545 (S.D.N.Y. 2018) (same). And if First Transit no longer legally exists, entering a default judgment against it will do no good for anyone.

Ms. Letizia's memorandum in support of the pending motion for default judgment does not address these issues. (Dkt. 28.) That observation is not meant as any criticism of Plaintiff's counsel or Plaintiff herself, but rather to observe that the pending motion fails to establish a sufficient basis on which to enter a default judgment against First Transit. Moreover, the Rule 26(f) Report indicates that TransDev NA learned of the suit and requested more information from counsel for the City of Rochester on October 1, 2026, which was approximately one week after the motion for default judgment was filed. This raises the distinct possibility that TransDev NA may be willing to engage in the litigation and defend the suit on its merits. Under these circumstances, the Court finds that the best

course of action is to cancel the November 9, 2026 hearing and deny the pending motion for default judgment without prejudice.[2]

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Default Judgment (Dkt. 27) is **DENIED WITHOUT PREJUDICE** and the hearing set for November 9, 2026 at 9:30 AM (Dkt. 31) is **CANCELED**.

Date: October 16, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

[2] To be clear, nothing in this Order precludes Plaintiff from renewing a motion for default judgment if it becomes appropriate.